UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN THOMAS KING, | Case No. 17-CV-5196 (SRN/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner Calvin Thomas King initiated this action by filing a petition for a writ of habeas corpus challenging the validity of a conviction incurred in state court. *See* ECF No. 1. Not long thereafter, King submitted an amended petition for a writ of habeas corpus raising claims related not to the *fact* of his confinement, but to the *conditions* of his confinement. *See* ECF No. 7. As this Court explained in an order dated February 14, 2018, however, a habeas corpus petition is not the proper means by which to challenge the conditions of a prisoner's confinement. *See* ECF No. 10 (citing *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014)). Accordingly, King was given leave to submit a second amended habeas petition, this time challenging only the fact or duration of his confinement.[1] King was also instructed that, should he submit a second amended habeas corpus petition, he must explain how he has exhausted available remedies in the state courts for his claims — or, if he has not exhausted state remedies, he must explain why he believes he should not be required to exhaust state remedies before proceeding in federal court. *See* 28 U.S.C. § 2254(b).

---

[1] King has challenged the conditions of his confinement in other proceedings. *See King v. State of Minnesota*, No. 17-CV-5264 (JRT/BRT) (D. Minn. filed Nov. 29, 2017).

King has now filed his second amended habeas corpus petition [ECF No. 11], which is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. King's second amended petition, like the original petition, challenges the validity of his conviction, not the conditions of his confinement. Accordingly, the claims raised in the second amended petition are properly presented through a petition for habeas corpus relief.[2]

That said, whatever the merits of King's somewhat confusing claims for relief, a federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b)-(c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement has been explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state

---

[2] King has previously sought and was denied habeas corpus relief pursuant to § 2254, but as to a separate and unrelated conviction. *See King v. Minnesota*, No. 10-CV-1815 (PJS/JSM), 201 WL 3607112 (D. Minn. Aug. 16, 2011). His current petition is therefore not second or successive within the meaning of 28 U.S.C. § 2244(b).

>  supreme court with powers of discretionary review), thereby
>  alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

King admits in his petition that he has not yet presented his claims to the highest available state court.[3]  *See* ECF No. 11 at 1. Instead, King states that he is currently in the process of exhausting those remedies available in the state courts. *Id*. But until King has *actually* presented his claims to the Minnesota Supreme Court in a manner that allows that tribunal to consider the merits of his claims, he may not seek federal habeas corpus relief.[4]  *See* 28 U.S.C. § 2254(b). Accordingly, it is recommended that this matter be dismissed without prejudice; King may return to federal court and seek habeas corpus relief after fully exhausting his claims in the state courts.

Only one matter requires further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability

---

[3] A review of the state-court records available to this Court confirms that King — who pleaded guilty to the offense at issue in November 2016, was sentenced in July 2017, and did not file a direct appeal — has not yet presented his claims to the Minnesota Supreme Court.

[4] King's habeas petitions suggest that he believes remedies in the state courts are unavailable to him because the State of Minnesota lacks jurisdiction over his criminal proceedings. Even if King were correct that the state courts lacked jurisdiction to prosecute the criminal offense — and King's basis for that belief remains unclear — it would not be true that "there is an absence of available State corrective process" for that claim. 28 U.S.C. § 2254(b)(1)(B)(i). The Minnesota appellate courts remain fully capable of determining the scope of the state's jurisdiction over criminal offenses, and those courts are available to hear claims that jurisdiction was lacking over a criminal proceeding.

("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat King's current habeas corpus petition differently than it is being treated here.  King has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that King not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2. Petitioner Calvin Thomas King's motion for an order [ECF No. 9] be DENIED AS MOOT.

3. No certificate of appealability be issued.


Dated: March 16, 2018                    *s/Tony N. Leung*
                                         Tony N. Leung
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).