# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Calvin Thomas King,<br><br>Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>Respondent. | Case No. 17-cv-5196 (SRN/TNL)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Calvin Thomas King, Minnesota Correctional Facility-Stillwater, 970 Pickett Street, Bayport, Minnesota, 55003, pro se.

Edwin William Stockmeyer, III, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, Peter J. Orput, Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2100, Minneapolis, Minnesota 55487, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter is before the Court for consideration of Petitioner Calvin Thomas King's Objection [Doc. No. 13] to United States Magistrate Judge Tony N. Leung's Report and Recommendation ("R&R") dated March 16, 2018 [Doc. No. 12]. The magistrate judge recommended the dismissal without prejudice of King's Second Amended 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Second Amended Petition") [Doc. No. 11]. In addition, he recommended that King's Motion for an Order [Doc. No. 9] be denied as moot, and recommended the denial of a Certificate of

Appealability.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's R&R to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that R&R. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Based on that *de novo* review, and for the reasons set forth below, the Court overrules Petitioner's Objection and adopts the R&R in its entirety.

## II.     BACKGROUND

King is currently incarcerated at the Minnesota Correctional Facility – Stillwater. (*See* Habeas Pet. [Doc. No. 1] at 1.) He received a forty-eight month sentence in Minnesota state court on July 31, 2017 after pleading guilty to aggravated robbery in the first degree. (*Id*.) He did not appeal the judgment. (*Id*.)

In the initial Petition King filed, he asserted that "every court beside[s] the United State[s] Supreme Court" lacks jurisdiction, and that "the court's" documentation of his race violated the Thirteenth Amendment. (*See id*. at 5-7.) He subsequently filed a First Amended Petition, raising claims related to the conditions of his confinement. (*See* First Am. Pet. [Doc. No. 7].) In light of a similar pleading that King filed in *King v. State*, No. 17-cv-05264, it appears that he intended his First Amended Petition to be a 42 U.S.C. § 1983 claim against various state employees. Magistrate Judge Leung ordered King to amend his First Amended Petition so that the scope of litigation was limited to relief available through a habeas petition. (*See* Feb. 14, 2018 Order [Doc. No. 10].) King's Second Amended Petition does so—it challenges only the validity of his conviction.

In the R&R, however, Magistrate Judge Leung found that King could not proceed because he had failed to exhaust his available state court remedies. (*See* R&R at 4.) Consequently, Magistrate Judge Leung recommended that King's Second Amended Petition be dismissed without prejudice. (*Id.*)

King filed a timely Objection to the R&R on May 24, 2017, triggering this *de novo* review.

### III.   DISCUSSION

#### A.   King Has Failed to Exhaust All Available State Court Remedies

The sole basis of King's Objection to the R&R goes to the merits of his claim. (Obj. at 1.) King asserts that the State of Minnesota lacked jurisdiction to enter judgment. King contends that, since Minnesota lacks the authority to adjudicate the matter, Minnesota effectively has no remedies to offer, and thus he does not need to exhaust all state court remedies.

King is incorrect. Pursuant to 28 U.S.C § 2254(b)-(c), federal courts may only consider the habeas petition of an individual in a state's custody after that individual has exhausted all remedies available through that state's courts. The applicable statutory requirement states that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C § 2254(c). This requires a petitioner to demonstrate that his claims have been presented to the highest possible state court, and that judgment was entered in the matter. *See Graham v. Solem*, 728 F.2d 1533, 1536 (8th Cir. 1984) (holding that the exhaustion requirement is

met when a petitioner has "(1) no other presently available state remedies to pursue or (2) has fairly presented the substance of his federal claims to the state's courts") (citing *Moore v. Wyrick*, 668 F.2d 1007, 1009 (8th Cir. 1982)). The rationale behind this requirement is that state courts must be provided the opportunity to resolve any alleged constitutional violations. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (States must be provided the opportunity to correct alleged violations).

Here, King's Second Amended Petition must be dismissed because he has failed to exhaust the remedies available to him in state court. By his own admission, King has not pursued any of his claims before any Minnesota court. (*See* Second Am. Pet. at 1.) King's Objection reiterates this admission, but he argues that he has nonetheless satisfied the exhaustion requirement because there are no remedies available to him through Minnesota courts. (*See* Obj. at 1.) King's argument fails. The State of Minnesota certainly has the authority to determine the scope of its jurisdiction, and to remedy the errors, if any, that may have occurred. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (AEDPA's review standard reflects a presumption that state courts know and follow the law). Accordingly, by not first pursuing his claims in state court, King has failed to meet the statutory requirement of 28 U.S.C. § 2254(c) that he exhaust all available state remedies.

For all of these reasons, King's Second Amended Petition is denied without prejudice for failure to exhaust state remedies.

### B.     Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition

unless he is granted a Certificate of Appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a "showing" requires that he demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, King has not made such a showing, and thus is not entitled to a Certificate of Appealability.

**IV.   ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Leung's R&R of March 16, 2018 [Doc. No. 12] is **ADOPTED** in its entirety;

2. Petitioner's Objection to the R&R [Doc. No. 13] is **OVERRULED**;

3. This matter is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

4. Petitioner Calvin Thomas King's Motion for an Order [Doc. No. 9] is **DENIED AS MOOT**; and

5. No Certificate of Appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 25, 2018                           s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge